**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF SOUTH CAROLINA
FLORENCE DIVISION**

|  |  |  |
|---|---|---|
| Michael Weaver, | ) | Civil Action No.: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| JSL Windy Hill II, LLC; Rare Hospitality | ) | **COMPLAINT** |
| International Inc., d/b/a LongHorn | ) | (Jury Trial Demanded) |
| Steakhouse #5459; John Doe 1; John Doe 2; | ) |  |
| John Doe 3, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

The Plaintiff would respectfully show this Honorable Court that:

## JURISDICTION AND VENUE

1.      Plaintiff Michael Weaver is a citizen and resident of Alamance County, North Carolina.

2.      Upon information and belief, Defendant JSL Windy Hill II, LLC (hereinafter "JSL") is a limited liability company organized and existing under the laws of the State of South Carolina, whose principal place of business is South Carolina, and who conducts business in Horry County, South Carolina.

3.      Defendant JSL is vicariously liable for the negligence, acts, and/or omissions of its employees, agents, servants, staff, and/or subcontractors, under the doctrine of *respondeat superior*.

4.     That upon information and belief, Defendant JSL owns, operates, maintains, and/or manages the property located 4723 Highway 17 South, North Myrtle Beach, South Carolina. All allegations contained herein against Defendant JSL also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant JSL either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat* superior.

5.     Upon information and belief, Defendant Rare Hospitality International Inc. d/b/a LongHorn Steakhouse #5459 (hereinafter "Rare Hospitality") is a company organized and existing under the laws of the State of Georgia, whose principal place of business is Florida, and who conducts business in Horry County, South Carolina.

6.     Defendant Rare Hospitality is vicariously liable for the negligence, acts, and/or omissions of its employees, agents, servants, staff, and/or subcontractors, under the doctrine of *respondeat superior*.

7.     That upon information and belief, Defendant Rare Hospitality owns, operates, maintains, and/or manages the property located 4723 Highway 17 South, North Myrtle Beach, South Carolina. All allegations contained herein against Defendant Rare Hospitality also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant Rare Hospitality either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat* superior.

8.     That upon information and belief, Defendant John Doe Company No. 1 is an entity, the name and address of which is unknown at this time.  That upon information and belief, Defendant John Doe Company No. 1 may own, operate, maintain, perform maintenance at, and/or manage Defendant JSL and/or Defendant Rare Hospitality.  All allegations contained herein

against Defendant John Doe Company No. 1 also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant John Doe Company No. 1, either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat superior*.

9.      That upon information and belief, Defendant John Doe Company No. 2 is an entity, the name and address of which is unknown at this time.  That upon information and belief, Defendant John Doe Company No. 2 may own, operate, maintain, perform maintenance at, and/or manage Defendant JSL and/or Defendant Rare Hospitality.  All allegations contained herein against Defendant John Doe Company No. 2 also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant John Doe Company No. 2, either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat superior*.

10.     That upon information and belief, Defendant John Doe Company No. 3 is an entity, the name and address of which is unknown at this time.  That upon information and belief, Defendant John Doe Company No. 3 may own, operate, maintain, perform maintenance at, and/or manage Defendant JSL and/or Defendant Rare Hospitality.  All allegations contained herein against Defendant John Doe Company No. 3 also refer to and include the actual and/or apparent agents, employees, and/or servants of Defendant John Doe Company No. 3, either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and *respondeat superior*.

11.     All of the above named defendants will collectively be referred to as "Defendants".

12.     The subject incident occurred at 4723 Highway 17 South, North Myrtle Beach, South Carolina.

13.     Jurisdiction and venue are proper over the Defendants.

## FACTS

14.     On or around July 18, 2020, Plaintiff ordered a meal from LongHorn Steakhouse #5459 located at 4723 Highway 17 South, North Myrtle Beach, South Carolina ("Property").

15.     At the time and place described above, Defendants owned, operated, managed, and/or maintained the Property.

16.     While eating food prepared by and served to him by employees, agents, and/or servants of Defendants, Plaintiff bit into a foreign metal object.

17.     After notifying Defendants of this incident, the manager of the Property indicated that there was a piece of metal within Plaintiff's food that came from cooking materials at the Property.

18.     Defendants' employees and/or staff should have inspected the cooking materials and food to locate the hazardous conditions that harmed Plaintiff prior to the incident.

19.     Defendants' employees and/or staff did not properly inspect the cooking materials and food to locate the hazardous conditions that harmed Plaintiff prior to the incident.

20.     Defendants' employees and/or staff should have disposed of the foreign metal object within Plaintiff's food prior to serving the food to Plaintiff.

21.     Defendants' employees and/or staff did not dispose of the foreign metal object within Plaintiff's food prior to serving the food to Plaintiff.

22.     Defendants' employees and/or staff should have repaired or disposed of the hazardous cooking materials prior to cooking Plaintiff's food with them.

23.     Defendants' employees and/or staff did not repair or disposed of the hazardous cooking materials prior to cooking Plaintiff's food with them.

24.    Defendants' employees and/or staff should have warned the Plaintiff of the foreign metal object within Plaintiff's food prior to serving the food to Plaintiff.

25.    Defendants' employees and/or staff did not warn the Plaintiff of the foreign metal object within Plaintiff's food prior to serving the food to Plaintiff.

26.    Plaintiff bit into a foreign metal object within his food and was injured and damaged by hazards within his food that originated at the Property.

27.    The foreign metal object and hazards in Defendants' kitchen and food constituted defects at the Property.

28.    The foreign metal object and hazards in Defendants' kitchen and food constituted a hazard and was a dangerous condition.

29.    Prior to being injured and damaged by the foreign metal object, Plaintiff had no knowledge of the hazard or dangerous conditions at the Property or in his food.

30.    Prior to being injured and damaged by the foreign metal object, Plaintiff had no knowledge that kitchen and cooking materials at the Property were in a defective, hazardous, unsanitary, or in dangerous condition.

31.    Defendants had actual knowledge prior to Plaintiff visiting the Property and ordering food that the kitchen and cooking materials were in a defective, hazardous, dangerous, and unsanitary condition.

32.    Defendants had constructive knowledge prior to Plaintiff visiting the Property and ordering food that the kitchen and cooking materials were in a defective, hazardous, dangerous, and unsanitary condition.

33.    Defendants, and its employees, agents, and/or servants, created the defective, hazardous, unsanitary, and dangerous condition at the Property and/or in Plaintiff's food.

34.     Defendants failed to remedy the defective, hazardous, unsanitary, and dangerous condition prior to Plaintiff ordering food at the Property and/or eating food prepared by an employee, agent, and/or servant of Defendants.

35.     The defective, hazardous, dangerous, and unsanitary condition of the kitchen and cooking materials at the Property were the actual and proximate cause of Plaintiff's injuries and damages.

36.     As a direct and proximate result of Defendants' acts and omissions and the defective, hazardous, unsanitary, and dangerous condition of the kitchen and cooking materials at the Property, Plaintiff sustained serious injuries which have caused him to suffer and endure considerable pain, discomfort, mental anguish, and emotional distress.

37.     As a direct and proximate result of this incident, the condition of the kitchen, cooking materials, the food at the Property, and Defendants' actions and/or omissions, Plaintiff has suffered and will continue to suffer, general damages such as permanent injuries, physical and mental pain and suffering, actual damages, consequential damages, financial harm, physical injuries, suffering, impairment of health and bodily efficiency, loss of enjoyment of life, emotional distress, and mental anguish.

## FOR A FIRST CAUSE OF ACTION

### (Negligence)

38.     Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

39.     Defendants had a duty to exercise reasonable or ordinary care for Plaintiff's safety as an invitee, customer, and guest at the Property.

40.    Defendants had a duty to use reasonable care to prevent Plaintiff from suffering bodily injury and damages for food prepared and served to him by Defendants.

41.    Defendants owed Plaintiff a duty of due care to discover risks and take safety precautions to warn of or eliminate unreasonable risks.

42.    Defendants breached the duties owed to Plaintiff and failed to make the dangerous conditions safe or warn Plaintiff of the dangerous conditions.

43.    Prior to Plaintiff ordering food at the Property, Defendants, their employees, servants, contractors and/or agents had actual and/or constructive knowledge of the dangerous condition that caused Plaintiff's injuries and damages.

44.    Defendants, their employees, servants, contractors and/or agents were negligent, careless, reckless, grossly negligent, willful and wanton in the following particulars:

    a.    In failing to maintain adequately safe conditions on the premises;

    b.    In failing to protect Plaintiff from the safety hazard and/or dangerous condition;

    c.    In failing to take remedial action to eliminate the safety hazard and/or dangerous condition;

    d.    In failing to install adequate protections in and around the kitchen/food/cooking materials that injured Plaintiff;

    e.    In failing to post appropriate warnings regarding the condition of the premises;

    f.    In failing to follow established safety procedures, or alternatively, in failing to have safety procedures;

    g.    In failing to properly inspect, dispose of, repair, or maintain the conditions of the kitchen, cooking materials, kitchen materials, and food at the restaurant;

    h.    In failing to use reasonable care to keep the premises and/or its food in a reasonably safe condition;

    i.      In failing to follow policies and procedures for ensuring that the kitchen, cooking materials used to prepare food, and food served to customers was free of defects/hazards and safe for use;

    j.      In failing to follow policies and procedures for ensuring that the food served to customers was safe for customer consumption;

    k.      In failing to discover the defects, hazards, and unreasonably dangerous condition that caused Plaintiff to bite into a foreign metal object within his food;

    l.      In failing to discover risks and take safety precautions to warn of or eliminate unreasonable risks;

    m.    In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

45.     Defendants' careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts were a direct and proximate cause of the incident and Plaintiff's injuries and damages.

46.     Defendants are vicariously liable for the negligence of their employees, contractors, agents and/or servants.

47.     That because of the acts and/or omissions of Defendants as enumerated hereinabove which resulted both proximately and directly in the damages also set out above, the Plaintiff seeks actual damages, punitive damages, and consequential damages against the Defendants.

## FOR A SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Supervision, and Retention)

48.     Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

49.     Plaintiff is informed and believes that Defendants were negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

a.  In failing to have in place policies and procedures to properly hire, train, supervise and/or retain its employees, agents and/or servants, or if such procedures were in place, in failing to enforce them;

b.  In failing to have in place adequate policies and procedures to mandate compliance by its employees, agents and/or servants with statutes, laws, regulations, and/or standards of care related to the safety of customers and maintenance of their restaurant, and if such procedures were in place, in failing to enforce them;

c.  In failing to ensure that its employees and agents had the proper training and experience to be able to discover and/or remove defective, hazardous, and/or dangerous conditions, warn of these conditions, and provide for the safety of customers of the establishment in a manner and at a level that met or exceeded recognized standards, policies and/or procedures;

d.  In failing to ensure that its employees had the proper training and experience to be able to maintain the safety and sanitation of the subject restaurant and customers of the Defendants.

e.  In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances;

f.  In failing to properly maintain the Property, its kitchen, its cooking materials, and its food;

g.  In failing to properly inspect the Property, its kitchen, its cooking materials, and its food; and

h.  In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

50.  Defendants' careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts were a direct and proximate cause of the incident and Plaintiff's injuries and damages.

51.  Defendants are vicariously liable for the negligence of their employees, contractors, agents and/or servants.

52.     That because of the acts and/or omissions of Defendants as enumerated hereinabove which resulted both proximately and directly in the damages also set out above, the Plaintiff seeks actual damages, punitive damages, and consequential damages against the Defendants.

## FOR A THIRD CAUSE OF ACTION

### (Negligence Per Se)

53.     Plaintiff incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

54.     Defendants had a duty to operate their restaurant in compliance with state laws, rules, regulations, and guidelines designed to protect the health and safety of all persons eating at restaurants and failed to comply with state laws, rules, regulations, and guidelines.

55.     Defendants were negligent per se in violating the following statutes and regulations:

a.     S.C. Code § 39-25-100 which relates to restaurants not serving foods containing deleterious substances or violate the South Carolina Food and Cosmetic Act;

b.     any other regulations which were violated as ascertained during the course of discovery.

56.     These laws prescribe certain actions and define certain standards of conduct. Plaintiff is in the class of persons sought to be protected by these laws.  Plaintiff's injuries represent the type of harm the regulations were intended to prevent.  To the extent Defendants conduct violated these laws and regulation, such conduct constitutes negligence per se.

57.     Defendants' negligence per se was the proximate cause of Plaintiff's injuries and damages.

58.     Plaintiff seeks actual and punitive damages under this cause of action.

59.    Defendants are vicariously liable for the negligence per se of its employees, agents, and servants under the doctrine of *respondeat* superior.

## JURY DEMAND

60.    Plaintiff demands that all causes of action that may be tried before a jury be so tried.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a sum sufficient to adequately compensate him for actual damages, punitive damages, the costs of this action, and any relief a jury may award, and for such other and further relief as this court may deem just and proper.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY:    *s/Konstantine S. "Dean" Diamaduros*
        Konstantine S. "Dean" Diamaduros
        Fed. Id. No. 13198
        1523 Huger Street, Suite A
        Columbia, SC 29201
        803-726-0123
        dean@mklawgroup.com
        Attorney for Plaintiff